FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 09, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM TROY TOMBLIN (2),<br><br>Defendant. | NO:  2:11-CR-12-RMP-2<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)<br><br>(COMPASSIONATE RELEASE) |

Upon motion of the Defendant, William Troy Tomblin, for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court finds that compassionate release is not supported by the facts of this case.

Defendant previously had requested compassionate release from the warden at his facility, ECF No. 183 at 20, and the warden denied that request more than thirty days prior to Defendant's motion in this court. ECF No. 183 at 19.  Defendant

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 1

represents that any further appeal through the BOP process would be futile because the same BOP personnel would be the appellate decision makers. ECF No. 183 at 11.

Defendant represents that compassionate release is justified because he is 49 years old and has high blood pressure and hypertension. ECF No. 183 at 14. Defendant further represents that he has worked at UNICOR for six years, has had no disciplinary incidents, and has remained alcohol and drug free since his incarceration. *Id*. Defendant argues that he has completed extensive programming and that his security level has been reduced from medium-high to a low classification. *Id*. More urgently, Mr. Tomblin argues that the COVID-19 pandemic presents him with a high risk of serious illness while incarcerated. *Id* at 13-14; ECF No. 201.

The Government disputes that Defendant is an appropriate candidate for compassionate release, in part because of his failure to exhaust administrative remedies, but defers to the Court to determine whether Defendant has exhausted administrative remedies. ECF No. 192 at 6. The Government further argues that Mr. Tomblin has failed to demonstrate why the COVID-19 pandemic presents an "extraordinary and compelling reason" justifying compassionate release for Mr. Tomblin. Id.

Federal Rule of Criminal Procedure 35 generally delineates the parameters of a district court's ability to modify a prison sentence once judgment is entered. That provision offers no relief to Mr. Tomblin. However, 18 U.S.C. § 3582(c)(1)(A) provides an opportunity for a reduced sentence if, after the Court considers the

factors under 18 U.S.C. § 3553(a) to the extent that they are applicable, the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]"

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

(A) Medical Condition of the Defendant.—
    (i)    The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
    (ii)    The defendant is—
        (I)    suffering from a serious physical or medical condition,
        (II)    suffering from a serious functional or cognitive impairment, or
        (III)    experiencing deteriorating physical or mental health because of the aging process,
        that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances—
    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 3

  (D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13.

  Until December 21, 2018, the Court could reduce a term of imprisonment for extraordinary and compelling reasons only upon motion by the Director of the United States Bureau of Prisons ("BOP"). Following enactment of the First Step Act, a federal prisoner may move on his own behalf for a sentence reduction and compassionate release after exhausting all administrative appeals of the BOP's refusal to bring such a motion or after "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13, USSG, has not been updated since enactment of the First Step Act.[1]

  Mr. Tomblin applied to Warden Greilick at FCI Englewood for compassionate release on April 28, 2020. ECF No. 183 at 20. The warden denied his motion on May 29, 2020. ECF No. 183 at 19. Mr. Tomblin filed the current motion in this Court on July 7, 2020, more than thirty days after the warden's denial of his motion

---

[1] The Court takes judicial notice that as of the date of this order, there are an insufficient number of confirmed commissioners to comprise a quorum for purposes of amending the USSG.

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 4

to the BOP. Therefore, the Court finds that Mr. Tomblin's motion for compassionate release is timely and that this Court has jurisdiction to consider his motion.

The Court next turns to whether Mr. Tomblin has presented a basis to support that he has "extraordinary and compelling" circumstances that would justify compassionate release in light of both 18 U.S.C. § 3582(c) and 18 U.S.C. §3553(a), which the United States Sentencing Commission directs courts to consider. U.S.S.G § 1B1.13.

Mr. Tomblin relies on the fact that he is 49 years old, has a history of hypertension or high blood pressure, and that COVID-19 is causing significant issues in the incarcerated population. ECF No. 183; ECF No. 201. Although Mr. Tomblin supplemented his medical records and information after the Government responded to this motion, the supplemental records and citations to general health information do not support the conclusion that Mr. Tomblin's hypertension is uncontrolled, as argued by Defendant. ECF No. 201 at 8. As conceded by Defendant, Mr. Tomblin's blood pressure has been monitored regularly as recently as March 26, 2020, and BOP medical officials have Mr. Tomblin on prescribed medication that controls high blood pressure. ECF No. 201-1 at 22. Therefore, the Court does not find that Mr. Tomblin's age of 49 years or his medicated control of high blood pressure create "extraordinary or compelling reasons" to reduce his sentence. See 18 U.S.C. § 3582(c)(1)(A)(i).

The remainder of Mr. Tomblin's argument concerns the general danger that COVID-19 creates, especially for those individuals incarcerated in prisons. ECF No. 183; ECF No. 201. However, as the Government notes, the threat presented by COVID-19 is not limited just to incarcerated populations and the pandemic is being actively managed by the BOP within federal institutions in a responsible manner. ECF No. 192 at 2. The Court does not accept the existence of COVID-19 in a BOP facility as a basis for releasing the inmates of that facility. If the Court adopted that conclusion, then most, if not all, incarcerated individuals would need to be released, which the Court does not find practicable.

Moreover, the factors to be considered in imposing a sentence under 18 U.S.C. §3553(a) further weigh against compassionate release for Mr. Tomblin, especially "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). Mr. Tomblin's presentence investigation report revealed that Mr. Tomblin qualified as a career offender pursuant to U.S.S.G. §4B1.1(a) due to two prior drug related convictions. Although Mr. Tomblin entered into a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) requiring him to plead guilty to possession with intent to distribute at least 5 grams of methamphetamine, Mr. Tomblin had been indicted for a far larger amount of drugs by the grand jury. As part of the plea agreement, the Government agreed not to file an enhancement that would have increased Mr. Tomblin's mandatory minimum

sentence to twenty years of incarceration. Rather the parties agreed to a sixteen-year term of imprisonment in the binding plea agreement.

In addition, Mr. Tomblin's personal history weighs against early release. Although Mr. Tomblin now argues that he has been alcohol and drug free since being incarcerated, Mr. Tomblin informed the probation officer that prior to his arrest for the current offense that he had consumed methamphetamine on a daily basis for the previous nine years.

The Court finds that Mr. Tomblin's significant drug use history, combined with his serious drug related convictions, indicates that his release would present a likelihood of future crimes by the defendant. *See* 18 U.S.C. § 3553(a)(2)(C). Moreover, the nature of the crimes, distribution of large quantities of methamphetamine, present a risk of danger to others in the community. *See* 18 U.S.C. § 3142(g). Therefore, the Court concludes that the § 3553 factors weigh against allowing Mr. Tomblin compassionate release under the circumstances presented in his motion.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, **ECF No. 183**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel and to the U.S. Probation Office.

**DATED** September 9, 2020.        *s/ Rosanna Malouf Peterson*
                             ROSANNA MALOUF PETERSON
                              United States District Judge

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 7